UNITED STATES BANKRUPTCY
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION –DETROIT

In re:

John Robert Lynch,

           Debtor
_____/

CASE NO. 12-61025-wsd
CHAPTER 7
HON. WALTER SHAPERO

Richard Diehl,
Marian Tankersley,

           Plaintiffs.

v.

John Robert Lynch,

           Defendant.
_____/

Adv. Pro. No. 13-04456

## OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#39) AND PROVIDING FOR FUTURE PROCEEDINGS

Before the Court for decision is the Defendant's Second Motion for Summary Judgment ("Motion"), the Court having previously issued an Opinion denying a prior such motion arguing collateral estoppel as the grounds for dismissal. That Opinion gives the general background of this proceeding. At the July 24, 2014 hearing on the Motion the Court overruled an objection that the current Motion was not timely filed, thus making its substance ripe for decision. In this proceeding Plaintiffs seek a finding that a California judgment arising from an arbitration award against an entity of which the Defendant was an officer is a non-dischargeable debt of the Defendant under 523(a)(2)(A) of the Code. Plaintiffs had become franchisees from that business entity and incident to having become so, and most germane here, alleges that (1) they were provided with financial spread sheets that contained false and misleading earnings and profits information;

and (2) there was a failure to make (or there was falsely stated in an Offering Circular the franchisor being unaware of) disclosures required to have been made by environmental and other regulations applicable to the franchise business and transaction in question. The primary basis for the Motion is the assertion that Defendant did not personally speak to or have any communications with the Plaintiffs or make any of the assertions complained of, which is fatal to Plaintiffs' cause of action under 523(a)(2)(A). Defendant argues that provision requires an affirmative misrepresentation made by a defendant and reliance on it-neither of which is present here. In response Plaintiffs points out that this cause of action is "not based on claims which Defendant actually spoke, but instead on misrepresentations made in documents that were provided to Plaintiffs before they purchased, and omissions that were required by law to be disclosed in those documents but were not."

No extensive citation of authority is needed for the proposition that the failure to disclose a material fact, or silence, under certain circumstances can form the basis for a claim of false pretenses, false representation or actual fraud under 523(a)(2)(A). The law on the subject to that effect has been discussed by this Court in In Re Gunner, 2013 WL6628629 (Bankr.E.D.Mich. December 10, 2013). While possibly not as easy to prove as an affirmative representation, the legal possibility exists, and, is highly dependant on the facts of the situation. There exist in this case a number of relevant dispositive factual questions such as for instance what was Defendant's involvement in (a) the preparation of the documents allegedly relied on by Plaintiff and (b) the dissemination of same. Also there are factual issues relating to the franchising process, and, what was the involvement of Plaintiff in that process etc. There are also necessarily involved in cases such as this (where intent to defraud is a crucial element of proof) issues of credibility that can only be evaluated by seeing and hearing the witnesses.

Furthermore, the personal liability of the Defendant whose involvement was as a, or the, principal officer of corporate franchisor is or may well be an issue, and, indeed is also a factually driven one.

On the record before this Court it must therefore be concluded there exist material questions of fact precluding the granting of a summary judgment in Defendant's favor.

This case has been the subject of two denied summary judgment motions and it is now time for a procedure to be established to bring it to trial. In that connection is to be noted that a Joint Pre-Trial Order stipulated to by the parties was in fact entered in this case on November 19, 2013, at a time when the first Summary Judgment Motion was pending but not decided.. Given its incompleteness, the passage of time and subsequent events, a new one needs to be entered. Consequently the Court is contemporaneously entering an order both denying Defendant's Motion, and dealing with the future of this proceeding.

**Signed on September 03, 2014**

                /s/ Walter Shapero
              **Walter Shapero**
              **United States Bankruptcy Judge**